UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CIVIL ACTION NO. 1:15-cv-184 (WOB)

KERI JELUS                                                                                    PLAINTIFF

VS.                                                    ORDER

ALL CREATURES ANIMAL
HOSPITAL, INC., ET AL                                                                   DEFENDANTS

This matter is before the Court on Plaintiff's motion for default judgment[1] (Doc. 41) and Defendants' motion for an extension of time to file their responsive pleading (Doc. 43). The Court finds a hearing on these matters unnecessary, as a plain reading of the relevant authorities clearly resolves the issues.

In her motion for default judgment, Plaintiff represents that "[o]n April 11, [she] filed and served [her second] amended complaint using the clerk's CM/ECF system. Doc. #40." (Doc. 41 at PageID 597.) She argues that Defendants' answer to the second amended complaint was due April 25 and that she is entitled to default judgment on all claims because Defendants filed their answer on April 26. (*Id.*)

---

[1] Though, in this case, it does not affect the Court's resolution of the pending motions, Plaintiff has not followed the proper procedure prescribed by Rule 55 in seeking default judgment. Before a party may seek default *judgment* under Rule 55(b), she must first seek *entry of default* by the clerk under Rule 55(a). *Heard v. Caruso*, 351 F. App'x 1, 15–16 (6th Cir. 2009) ("Because [Plaintiff] did not first seek entry of a default from the clerk of the court, it was procedurally improper for [him] to move for entry of a default judgment."); *Berk v. Moore*, No. 2:10-CV-1082, 2012 WL 3780303, at *2 (S.D. Ohio Aug. 31, 2012) (Rule 55 "contemplates a two-step process in obtaining a default judgment. . . . First, a plaintiff must request from the Clerk of Court an entry of default, describing the particulars of the defendant's failure to plead or otherwise defend. . . . [C]ollaps[ing] the two steps into a single step [] alone warrants denial of plaintiffs' requests.").

As is relevant here, a responsive pleading to an amended complaint "must be made . . . within 14 days after service of the amended pleading." Fed. R. Civ. P. 15(a)(3). "Filing a document electronically does not alter the filing deadline for that document." S.D. Ohio Civ. R. 5.1(e). The Local Rules of this Court provide that "[a]ny party may make service through the Court's ECF system on parties who are registered users of the system as provided in Fed. R. Civ. P. 5(b)(2)(E)," S.D. Ohio Civ. R. 5.2(b), "in which event service is complete upon transmission," Fed. R. Civ. P. 5(b)(2)(E). Therefore, the transmission of the ECF filing triggers the running of Rule 15(a)(3)'s 14-day responsive period.

Federal Rule of Civil Procedure 6 governs the computation of all time periods in the Rules. The day that triggers the running of the period is excluded. Fed. R. Civ. P. 6(a)(1)(A). When the period is calculated as a number of days "after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

Here, as the day that triggered the running of the 14-day period, April 11 is excluded from the computation. Therefore, under Rule 6(a)(1), the 14-day period would expire on Monday, April 25. However, because Rule 15(a)(3) expresses the period as a number of days after service and service was completed under Rule 5(b)(2)(E), Rule 6(d) adds three days to the period, beginning when it otherwise would have expired. Thus, Defendants' answer was actually due on April 28, 2016, and it was timely submitted.

Therefore, having considered the parties' positions and being otherwise advised,

**IT IS ORDERED AS FOLLOWS:**

(1)     Plaintiff's motion for default judgment (Doc. 41) is, hereby, **DENIED**;

(2)     Defendants' motion for an extension of time (Doc. 43) is, hereby, **DENIED as MOOT**.

This 3rd day of May, 2016.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge